Cloyce K. BOX, Plaintiff,

v.

NORTHROP CORPORATION et al., Defendants.

No. 74 Civ. 4373.

United States District Court, S. D. New York.

Feb. 26, 1976.

Mudge, Rose, Guthrie & Alexander by Richard B. Marrin, John J. Witmeyer, III, New York City.

Stalcup, Johnson, Meyers & Miller by Robert L. Meyers, III, Robert F. Middleton, David J. White, Dallas, Tex., for plaintiff.

Debevoise, Plimpton, Lyons & Gates by Samuel E. Gates, Martin Frederic Evans, Thomas R. Berner, New York City, for defendants Northrop Corp., H. E. Drayer, William V. Lawson, James F. Murphy, Sr., and Roger K. Soderberg.

Hart & Hume by Cecil Holland, New York City, for defendants The Aetna Cas. & Surety Co., Max E. Greenberg and David Trager.

Milbank, Tweed, Hadley & McCloy by Andrew J. Connick, Lana Borsook, New York City, for defendants The Chase Manhattan Bank and Louis Zircher.

Barrett, Smith, Schapiro & Simon by Sandra Gale Behrle, Michael F. Armstrong, New York City, for defendants George A. Fuller Co. and F. G. Lyon.

*Memorandum Opinion On Motion To Dismiss*

MOTLEY, District Judge.

The second amended complaint in this action consists of 57 pages and sets forth 14 separate causes of action in addition to several exhibits. The several federal causes of action are predicated on the anti-fraud provisions of the Federal Securities Laws, specifically, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and S.E.C. Rule 10b–5, 17 C.F.R. 240.10b–5, over which this court has jurisdiction. 15 U.S.C. § 78aa. Jurisdiction is also founded on

5

diversity of citizenship, 28 U.S.C. § 1332, the matter in controversy exceeding $10,000, exclusive of interests or cost. There are also several state law causes of action predicated on the common law of fraud and breach of fiduciary duty by trustees and resting on a claim of pendant jurisdiction.

According to the complaint, plaintiff, Cloyce K. Box, is a resident of Texas. Defendants, both corporate and individual, are all residents of other states. In 1969 plaintiff was the record owner of 2,000 shares of the common stock of defendant George A. Fuller, Inc. (Fuller) which represented 20% of the authorized and issued common stock of Fuller. As a result of a series of mergers effected by defendants whereby Fuller was first merged into defendant Northrop-Fuller, Inc., and the latter into defendant Northrop Corporation, plaintiff's equity interest was allegedly reduced from 20% to .257%. Plaintiff is allegedly being forced to sell his equity interest by defendants as a result of the mergers and other acts of defendants, all of which plaintiff alleges were fraudulent, at a greatly reduced valuation placed thereon by defendants. The final merger was a short-form merger under Maryland law. According to plaintiff, Northrop-Fuller, Inc., was hastily established by defendants Aetna Casualty and Surety Company and Chase Manhattan Bank and Northrop Corporation under Delaware law for no business purpose. Plaintiff further alleges that the subsequent merger of Northrop-Fuller into Northrop Corporation likewise had no purpose. Plaintiff alleges that these mergers were a part of a fraudulent scheme and plan to squeeze him out of Fuller and had no other purpose.

After setting forth in paragraphs 1 through 7 of the complaint a description of the parties and in paragraph 8 the jurisdictional bases for his complaint, plaintiff alleges in paragraphs 9 through 31 certain historical facts which he designates as "Factual Background" and which he incorporates, by reference, thereafter in the various causes of action. These historical facts commence in the Fall of 1969 and continue

through December 31, 1974. Plaintiff claims that these facts, together with the other facts alleged in the various causes of action, show a course of business amounting to a fraud upon him in violation of antifraud provisions of the Federal Securities Laws, Section 10(b) and S.E.C. Rule 10b–5, and common law fraud as well as a breach of fiduciary duty on the part of the directors of Fuller and certain voting trustees, all of whom are named as defendants.

Some of the historical and other material allegations are, in essence, that in 1969 defendant Chase Manhattan Bank and defendant Aetna Casualty and Surety Company, major creditors of Fuller, conspired to acquire complete control of Fuller and to use that control to liquidate the Fuller debt to them and to reap the benefits of Fuller's assets to the exclusion of Fuller shareholders. Plaintiff alleges that Chase and Aetna pressured the stockholders of Fuller, including plaintiff, into executing voting trust agreements whereby Aetna designated the three common trustees, 2 Aetna attorneys and a Chase vice president, all of whom are defendants. He then alleges that Chase and Aetna through their control of the voting trustees acted to freeze out the minority shareholders and to reap the benefits of Fuller's assets for themselves.

Plaintiff alleges that the fraudulent scheme culminated in an attempt to eliminate the plaintiff as a Fuller shareholder by the short-form merger of Fuller, reportedly effected as of December 31, 1974, leaving plaintiff no choice but to accept the dictated price of $31.25 for his shares or exercise his appraisal rights. With respect to the short-form merger plaintiff specifically alleges in the 13th cause of action that the merger of Fuller into Northrop-Fuller, Incorporated had no business purpose of its own and no pre-existing viability of any kind (second amended complaint, paragraph 100) and that the subsequent merger of Northrop-Fuller into Northrop Corporation had no business purpose (*Id.* paragraph 101).

All defendants have moved to dismiss the fraud allegations of the second amended

complaint on the ground that they fail to comply with the specificity requirements of Rule 9(g) of the Fed.R.Civ.P., and fail to state a claim on which relief may be granted. Rule 12(b)(6).

 Assuming the foregoing allegations in the second amended complaint to be true, as we must for the purpose of a motion to dismiss, the court finds that the motions to dismiss on the grounds noted above must be denied for the following reasons: The lengthy and detailed statement of events set forth in paragraphs 9 through 31, together with the allegations set forth in the thirteenth cause of action, state a claim within the contemplation of Rules 10b–1 and 10b–3. *Green v. Santa Fe Industries, Inc.,* 533 F.2d 1283, (2d Cir. 1976). In *Green,* the Second Circuit held that allegations under Rule 10b–5 of breaches of fiduciary duty by a majority against minority shareholders without any charge of misrepresentation or lack of disclosure are sufficient to state a claim. (at 1286).

The Second Circuit also held in *Green* that a complaint alleges a claim under Rule 10b–5 when it charges, in connection with a Delaware short-form merger, that the majority has committed a breach of its fiduciary duty to deal fairly with minority shareholders by effecting the merger without any justifiable business purpose (at p. 1291). There, as in the instant case, minority stockholders sued individually and as shareholders suing on behalf of themselves and for the benefit of the corporation and for the class of all other minority shareholders.

Similarly, in a case decided five days prior to *Green, Marshel v. AFW Fabric Corp., et al.,* 533 F.2d 1277, (2d Cir. 1976) the Second Circuit reached the same conclusion in the context of a long-form merger under New York law:

"We hold that when controlling stockholders and directors of a publicly-held corporation cause it to expend corporate funds to force elimination of minority stockholders' equity participation for reasons not benefiting the corporation but rather serving only the interests of the controlling stockholders such conduct will be enjoined pursuant to Section 10(b) and Rule 10b–5 . . . ." (at 1281).

In the instant case plaintiff alleges that 1) Northrop Corporation is a California corporation (second amended complaint, para. 2); 2) Fuller is a Maryland corporation (*Id.* para. 5); and that 3) Northrop-Fuller was organized on December 11, 1974 under the laws of Delaware (*Id.* para. 98) for the sole purpose of effecting defendants' scheme to eliminate plaintiff's equity interest in Fuller and to reduce the value thereof to the unjust enrichment and benefit of defendants, particularly Northrop. The complaint specifically alleges that all defendants participated in or encouraged the scheme (*Id.* para. 106).

What remedy should be applied if plaintiff succeeds on the trial need not be decided at this juncture. *Green, supra,* at 1287. The fact that the plaintiff may be the only minority stockholder when all the evidence is in is not material at this point. Under the *Green* case the complaint cannot be dismissed for failure to state a claim or to allege fraud with particularity.

The court finds that the other grounds for dismissing the complaint are without merit.[1] The case relates to the purchase

---

1. Defendants Aetna and two of its attorneys, Max E. Greenberg and David A. Trager, have moved, in addition, to dismiss the complaint for failure to state a claim in the 7th and 8th causes of action upon which relief may be granted. Rule 12(b)(6). In this connection these defendants say that the allegations in those two causes of action are "self-contradictory for it is evident, if the debt owed by Fuller had little or no value, the stock of Fuller," contrary to plaintiff's allegation, "had little or no value."

Defendants Northrop, Drayer, Lawson, Murphy and Soderberg have moved to dismiss the second amended complaint on the additional ground that there has been a violation of the provisions of Rule 11 in that the allegations relating to the failure to file the certificate of merger on December 31, 1974 are patently untrue and constitute, therefore, a sham pleading. They have also moved to dismiss under Rule 41(b) in that the action has been inappropriately brought as a derivative action.

Defendant George A. Fuller Company, Inc., moves to dismiss the complaint pursuant to

and sale of securities in interstate commerce and a forced sale by plaintiff. In addition, a causal relation is alleged between the alleged breach of fiduciary duty by the majority and the injury suffered by the minority. *Green, supra,* at 1287.

For all of the foregoing reasons the motions to dismiss are denied.

Rule 12(b)(6) and 41(b) on the ground that the derivative claims are not appropriate in this action and on the ground that the plaintiff cannot maintain a derivative action because he

fails to meet the requirements of Rule 23.1. The Second Circuit's decision in *Green* answers the contentions in favor of plaintiff.